UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                              No. 24-89

KENNETH TURNER                                                            SECTION I

ORDER AND REASONS

Before the Court is defendant Kenneth Turner's ("Turner") motion[1] for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response[2] in opposition. For the reasons that follow, the Court will deny the motion.

I. BACKGROUND

On October 9, 2024, Turner pleaded guilty to a one-count superseding bill of information[3] charging him with conspiracy to distribute and possess with intent to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. § 846.[4] In the factual basis supporting his guilty plea, Turner acknowledged that the overall scope of the conspiracy involved 424.36 grams of substances containing fentanyl and 370.62 grams of substances containing methamphetamine.[5] The Court sentenced Turner to 130 months of imprisonment and 4 years of supervised release.[6]

---

[1] R. Doc. No. 82.
[2] R. Doc. No. 84.
[3] R. Doc. No. 40.
[4] R. Doc. No. 78.
[5] R. Doc. No. 47, at 6.
[6] R. Doc. No. 78, at 2–3.

On January 13, 2026, Turner moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.[7] In his motion, Turner states that the United States Sentencing Commission adopted amendments to the Drug Quantity Table which "lower[ed] the base offense levels for the Methamphetamine offenses and eliminate[d] the 'ice' enhancements."[8] Turner claims that these amendments became effective on November 1, 2025, and were "made retroactive" by the Sentencing Commission.[9] Turner does not point to a specific amendment and, in fact, leaves that information blank: "(Amendment     )."[10] Turner requests that this Court reduce his sentence "to the low end of the new Sentencing Guidelines Range."[11]

The government, in response, asserts that no such amendments to the Sentencing Guidelines exist.[12] Further, the government argues that any such amendment would not be retroactive as "there is no such corresponding amendment listed in section 1B1.10, as required for a sentence reduction."[13]

## II.    LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Such modification may be made by the Court if "a reduction is

---

[7] R. Doc. No. 82.
[8] *Id.* at 1.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 2.
[12] R. Doc. No. 84, at 2.
[13] *Id.*

consistent with applicable policy statements issued by the Sentencing Commission" and "after [the Court] consider[s] the factors set forth in section 3553(a)." § 3582(c)(2); *United States v. Callies*, 424 F. App'x 266, 266–67 (5th Cir. 2011) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Additionally, the Fifth Circuit has held that "§ 3582(c)(2) applies only to Guideline amendments made retroactive by the Sentencing Commission." *United States v. King*, 729 F. App'x 346, 347 (5th Cir. 2018) (citing *Dillon*, 560 U.S. at 824–26).

The relevant policy statement for motions made pursuant to § 3582(c)(2) is U.S.S.G. §1B1.10, *Dillon*, 560 U.S. at 821, which lists the amendments made retroactively applicable, *see King*, 729 F. App'x at 347. *See also* U.S.S.G. §1B1.10(d). An "amendment is not applied retroactively unless the amendment is expressly listed as retroactive" in §1B1.10. *King*, 729 F. App'x at 347.

Despite Turner's contention to the contrary, it does not appear that the Sentencing Commission has adopted any amendments to the Drug Quantity Table related to lowering the base offense level for methamphetamine offenses or eliminating "ice" enhancements. *See generally* Amendments to the Sentencing Guidelines (effective Nov. 1, 2025).[14] However, the Court notes that the Proposed 2026 Amendments to the Sentencing Guidelines include proposed amendments to U.S.S.G. §2D1.1, including the Drug Quantity Table at §2D1.1(c), which would "address offenses involving 'Ice' and the purity distinction between

---

[14] Available at: https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf.

3

methamphetamine in 'actual' form and methamphetamine as part of a mixture." *See* Proposed 2026 Amendments to the Federal Sentencing Guidelines (published December 2025),[15] pp. 2–5; *see also* 90 Fed. Reg. 59662. The public comment period for this set of proposed amendments closed on February 10, 2026. *Id.* at i; 90 Fed. Reg. 59660.

These proposed amendments have not yet been adopted, and the Sentencing Commission has not yet decided whether the proposed amendments will be retroactively applicable. *See* 90 Fed. Reg. 59661 (seeking public comment with respect to whether the proposed amendments should be applied retroactively and included in §1B1.10(d)). Therefore, to the extent that Turner's request for a reduction in his sentence pursuant to § 3582(c)(2) is based upon these proposed amendments, such a request is premature. *Cf. United States v. Johnson*, No. 17-1569, 2023 WL 3991049, at *2 (W.D. Tex. June 13, 2023) (holding that the defendant's request that the court consider a proposed amendment to the Sentencing Guidelines for purposes of his compassionate release motion was "premature"); *see also United States v. Garcia*, 655 F.3d 426, 432 n. 7 (5th Cir. 2011) (suggesting that the Court lacks authority to reduce a defendant's sentence pursuant to § 3582(c)(2) based on a proposed amendment because a district court "does not have the authority to deviate from § 1B1.10").

In so holding, the Court takes no position with respect to whether the amendments, if adopted and made retroactive, entitle Turner to the reduction he

---

[15] Available at: https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202512_rf-proposed.pdf.

seeks. However, Turner is welcome to refile his motion if and when it becomes appropriate to do so.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Turner's motion for motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

New Orleans, Louisiana, February 19, 2026.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**